UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


DEON CORNELL GILCHRIST,

      Petitioner,

v.                                  CASE NO. 6:13-cv-760-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

     Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).   The Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10).   Petitioner filed two replies to the response (Doc. Nos. 13 & 14).

     Petitioner alleges three claims for relief in his habeas petition.   As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

   **I.**    *Procedural History*

     Petitioner was charged with one count of robbery with a firearm in state court case numbers 06-2921, 06-4508, and 06-4509 (App. B at 1-3).   Petitioner entered into a negotiated plea to the cases, wherein he agreed to plead guilty to the crimes as charged in exchange for an eleven-year sentence in state court case number 06-2921 and

concurrent twenty-five year terms of imprisonment for state court case numbers 06-4508 and 06-4509.   *Id.* at 4.   The trial court sentenced Petitioner in accordance with the plea agreement.   *Id.* at 6-33.   Petitioner appealed, and while his appeal was pending, he moved to withdraw the plea agreement.   *Id.* at 34; App. C.   The trial court entered an order striking Petitioner's motion, concluding that because there was a pending appeal it had no jurisdiction to consider the motion (App. D).   The Fifth District Court of Appeal dismissed Petitioner's appeal on November 26, 2007, for lack of jurisdiction (App. G).

On February 29, 2008,[1] Petitioner filed a second notice of appeal with the appellate court (App. I).   The Fifth District Court of Appeal dismissed the appeal on May 1, 2008, noting that Petitioner's claims would be appropriately raised in a post-conviction motion filed with the trial court (App. J).   On July 23, 2008, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. K).   The trial court summarily denied claims one and two and held an evidentiary hearing on claim three (App. O, R).   After the hearing, the trial court denied Petitioner's remaining claim (App. S).   Petitioner appealed, and on May 11, 2010, the appellate court affirmed *per curiam* (App. T and U).   Mandate issued on June 2, 2010 (App. U).

---

[1]This is the filing date under the "mailbox rule."   *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

On March 1, 2011, Petitioner filed an "Emergency Writ of Habeas Corpus" with the Fifth District Court of Appeal (App. V).   The appellate court denied the petition without discussion on March 14, 2011 (App. W).   Petitioner then filed a petition for writ of habeas corpus with the trial court on March 9, 2012 (App. X).   The trial court dismissed the petition on March 19, 2012.   *Id.*   Petitioner appealed, and the Fifth District Court of Appeal dismissed the appeal as untimely on June 6, 2012 (App. Y).

Petitioner filed his federal habeas petition on May 6, 2013 (Doc. No. 1).

## II.   *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2)     The time during which a properly filed application for State post-
>            conviction or other collateral review with respect to the pertinent
>            judgment or claim is pending shall not be counted toward any
>            period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court dismissed Petitioner's direct appeal

on November 26, 2007.   Petitioner then had ninety days, or through February 25, 2008,[2]

to petition the Supreme Court of the United States for a writ of certiorari.   *See* Sup. Ct. R.

13(3); *Tovar v. Sec'y, Dep't of Corr.*, 2014 WL 298914, at *2 (M.D. Fla. Jan. 28, 2014)

(concluding that a habeas petitioner is entitled to the 90-day period for seeking certiorari

review in the Supreme Court from a dismissed direct appeal); *Howard v. Buss*, No.

5:10cv109/SPM/EMT, 2011 WL 3294497, at *2 (N.D. Fla. June 29, 2011) (assuming

without deciding that the petitioner was entitled to the 90-day period for seeking

certiorari review after the appellate court dismissed his appeal).   Thus, under §

2244(d)(1)(A), the judgment of conviction became final on February 25, 2008, and

Petitioner had through February 25, 2009, absent any tolling, to file a federal habeas

petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of

any "properly filed" state post-conviction proceedings.   Petitioner filed a second notice

of appeal in the appellate court on February 29, 2008, and this appeal was dismissed on

---

[2] The actual deadline, February 24, 2008, fell on a Sunday; therefore, the deadline
was extended through the next business day, Monday, February 25, 2008.

May 1, 2008.   A total of 4 days of the one-year limitations period elapsed prior to the

filing of the notice of appeal.   Assuming that Petitioner's notice of appeal was a properly

filed motion for post-conviction relief, the time for filing a federal habeas petition was

tolled from February 29, 2008, through May 1, 2008.[3]   Petitioner had 303 days remaining

of the one-year limitations period in which to file his federal habeas petition.

Petitioner next filed a Rule 3.850 motion on July 23, 2008, which was a "properly

filed" state post-conviction proceeding.   A total of 83 days of the one-year period elapsed

before Petitioner filed this motion.   The time for filing a federal petition was tolled from

July 23, 2008 through June 2, 2010, the date the mandate issued on appeal from the denial

of that motion.   After the appellate court ruled on Petitioner's appeal, Petitioner had 220

days remaining of the one-year limitations period, or through January 10, 2011, in which

to file his federal petition.   Petitioner's federal habeas petition, filed on May 6, 2013, is

untimely.

The Court is aware that Petitioner filed at least two additional post-conviction

actions in the state court.   Nevertheless, those proceedings did not toll the limitations

period because it expired on January 10, 2011, before Petitioner initiated those actions.

*See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing

after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d

---

[3] The Court need not decide whether this second notice of appeal was properly filed because the federal habeas petition is untimely even if the Court tolls the one-year limitations period during the time the second notice of appeal was pending in the state court.

1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").   Therefore, the instant federal habeas corpus petition is untimely and must be denied.

Petitioner acknowledges that his petition is untimely, but he argues that the one-year limitations period should be tolled pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).   Petitioner's reliance on *Martinez* is misplaced.   The *Martinez* case dealt with "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding."   *Id.* at 1313.   Petitioner has not cited any cases which hold that *Martinez* provides for equitable tolling of the statute of limitations.   Because *Martinez* does not address equitable tolling or the AEDPA's statute of limitations, the Court concludes that it is inapplicable to Petitioner's case.   *See Jones v. Sec'y, Dep't of Corr.*, 6:12-cv-1220-Orl-28KRS, 2014 WL 347224, at *2 (M.D. Fla. Jan. 30, 2014) (finding *Martinez* does not act to equitably toll the statute of limitations); *Bennett v. Sec'y, Dep't of Corr.*, 6:12-cv-1716-Orl-31KRS, 2013 WL 3771325, at *2 (M.D. Fla. July 18, 2013) (concluding *Martinez* does not extend the limitations period pursuant to § 2244(d)(1)(C) because the decision did not announce a new constitutional right that was held to be retroactive by the Supreme Court of the United States).   Accordingly, Petitioner has not established a basis for restarting the one-year limitations period. Petitioner's federal habeas petition was untimely filed and is denied.

6

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III.     *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).   Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus filed by Deon Cornell Gilchrist (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court shall enter judgment accordingly.

2.     Petitioner is **DENIED** a certificate of appealability.

3.     The Clerk of the Court is directed to close this case.

7

**DONE AND ORDERED** in Orlando, Florida, this 22nd day of May, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 5/22
Counsel of Record
Deon Cornell Gilchrist

8